**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Creative Stars Academy, LLC              Bankruptcy No. 25-33151

                                                Chapter 11 Case

                          Debtor

**DEBTOR'S SUPPLEMENTAL STATUS REPORT**

**(FILED AT THE REQUEST OF THE COURT)**

Creative Stars Academy, LLC (the "Debtor"), by and through undersigned counsel, submits this Supplemental Status Report at the request of the Court, as stated on the record at the January 21, 2026 hearing, to address the Debtor's current posture and certain issues identified by the Court. This report is intended to supplement and clarify, and not to modify or contradict, the Debtor's previously filed Status Report regarding administrative insolvency and cessation of operations.

**1.       Administrative Insolvency and Operations (No Change)**

As previously reported, the Debtor is administratively insolvent, has ceased all business operations, has no employees, and is generating no revenue. The Debtor lacks sufficient cash to pay existing administrative expenses or to fund any ongoing post-petition obligations.

The Debtor's position remains unchanged: continued operation is not feasible and would only result in the accrual of additional unpaid administrative liabilities.

**2.       Post-Petition Tax Obligations (No Change)**

Consistent with prior disclosures and the United States Trustee's pending Motion to

1

Dismiss, the Debtor acknowledges that post-petition payroll and employment taxes accrued and were not paid, and that the Debtor does not have the ability to cure those obligations or remain tax-compliant on a going-forward basis.

The Debtor does not dispute that these facts constitute cause under 11 U.S.C. § 1112(b).

**3.          Plan Feasibility (No Change)**

Given the Debtor's administrative insolvency, cessation of operations, unpaid post-petition taxes, and lack of available funding, the Debtor does not anticipate proposing a plan of reorganization or liquidation, and there remains no reasonable likelihood of rehabilitation.

**4.          Merchant Cash Advance Payments and Potential Avoidance Claims**

At the Court's request, the Debtor provides the following clarification regarding payments disclosed in the Statement of Financial Affairs to certain merchant cash advance and similar financing counterparties within the 90-day prepetition period, including Finpoint Funding, LLC, Fund Now, LLC, and Avanza Capital Holdings, LLC.

The Debtor acknowledges that such payments constitute potentially reviewable transfers under the Bankruptcy Code. However, based on a preliminary assessment, the Debtor believes that pursuit of avoidance litigation is not economically feasible and would not likely result in a net benefit to the estate, for the following reasons:

- Ordinary Course Considerations

  The payments appear to have been made pursuant to regular, contractually scheduled daily or weekly remittances that were consistent with the parties' historical dealings, giving rise to reasonably strong ordinary-course defenses under § 547(c)(2).

- Litigation Risk and Complexity

  Several counterparties assert security interests, UCC filings, or "true sale of

receivables" defenses, which—regardless of ultimate merit—would substantially increase litigation cost, complexity, and delay.

- Questionable Recoverability

  Even if liability were established, collection is speculative, and any recovery could be materially reduced by litigation expense and enforcement risk.

- No Funding for Litigation

  The Debtor has no unencumbered funds, no access to debtor-in-possession financing, and no ability to fund discovery, motion practice, or trial. Pursuit of such claims would further increase unpaid administrative expenses.

After weighing the likely defenses, litigation cost, delay, and collection risk, the Debtor does not believe pursuit of such claims would produce a meaningful recovery for creditors, particularly in light of existing administrative insolvency.

The Debtor has not waived any rights, but submits this analysis in response to the Court's request and to ensure a complete and transparent record.

**5.        Current Bank Balances**

At the Court's request, the Debtor provides the following update regarding current bank balances.

The Debtor's primary operating account is overdrawn. As of mid-January 2026, the account reflected a negative balance exceeding $9,000, with multiple overdraft charges, returned items, and insufficient funds transactions occurring over a sustained period. The account has required intermittent transfers merely to reduce overdraft exposure and avoid immediate closure.

The Debtor has no other accounts with positive balances, no cash on hand, and no access to credit or debtor-in-possession financing. The Debtor does not have sufficient funds to

pay existing administrative expenses or to fund any further administration of the case. These bank balances are consistent with, and further evidence, the Debtor's previously reported administrative insolvency.

**6.        Unpaid Administrative Claims**

The Debtor further advises the Court, at its request, that substantial post-petition administrative obligations remain unpaid, including but not limited to the following categories:

- Post-petition payroll and employment taxes which accrued and were not paid, and which the Debtor lacks the ability to cure or pay on a going-forward basis;

- Employee wage obligations incurred post-petition, including unpaid final payroll of over $6,200.

- Post-petition rent obligations in excess of $15,500, which were not paid and directly contributed to the cessation of operations;

- Professional fees, including unpaid fees owed to the Subchapter V trustee and Debtor's counsel, exceeding $10,000 in the aggregate.

The Debtor does not have sufficient funds to pay these administrative claims, and further administration of the case would only result in the accrual of additional unpaid administrative liabilities.

**7.        Relationship to Pending Motion to Dismiss**

This Supplemental Status Report is filed in aid of the Court's consideration of the pending Motion to Dismiss and is not intended to oppose that motion. The Debtor's position remains that:

- cause exists under § 1112(b);

- unusual circumstances do not exist; and

4

- dismissal, rather than further administration, is in the best interests of creditors and the estate.

## CONCLUSION

This Supplemental Status Report is submitted at the Court's request to address specific issues identified at the hearing and is intended to be fully consistent with the Debtor's prior Status Report and the United States Trustee's Motion to Dismiss. The Debtor respectfully submits that no further administration of the case is feasible.

Dated: January 26, 2026

**BUTWINICK LAW OFFICE**

**/e/ Jeffrey H. Butwinick**
Jeffrey H. Butwinick, #342208
7800 Metro Parkway, Suite 300
Bloomington, MN 55425
p. 651-210-5055
jeff@butwinicklaw.com
Attorney for Debtor

**<u>VERIFICATION</u>**

Jillaine Mertens, under penalty of perjury, says that she has read the "DEBTOR'S SUPPLEMENTAL STATUS REPORT  (FILED AT THE REQUEST OF THE COURT)" filed herewith, and that it is true to her own knowledge, except as to those matters stated on information and belief, and as to those matters she believes them to be true.

Dated: January 26, 2026                              */s/ Jillaine Mertens*
                                             Jillaine Mertens, Owner
                                             Creative Stars Academy