**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                              Case No. 25-33151

Creative Stars Academy, LLC,

      Debtor.                                              Chapter 11, Sub V

**ORDER CONVERTING CASE TO CHAPTER 7**

Before the court is a motion to dismiss by the United States Trustee. The debtor filed a notice of no objection to the motion, along with a status report stating that it had ceased all business activities and will not propose a plan of reorganization.

At the initial hearing on January 21, 2026, the Court found that cause existed under 11 U.S.C. § 1112(b)(4) to convert or dismiss the case. Specifically, the Debtor failed to pay post-petition taxes, failed to file any monthly reports after November, 2025, incurred a substantial loss and diminution of the estate, and no longer pursued rehabilitation.

Upon finding cause to discontinue the case in chapter 11, Section 1112(b)(1) additionally requires the Court to decide whether to convert or dismiss the case, whichever is in the best interests of the creditors and the estate. No creditors have appeared in the action stating a preference for either conversion or dismissal.

It was not clear at the hearing what assets remained in the estate, and the Court requested the Debtor to file a report as to its remaining assets and unpaid claims that arose post-petition. The Court further noted that the Debtor scheduled several 90-day preference claims totaling $86,943.73, against three entities that also appear to be merchant cash advance lenders (MCAs) from New York and Connecticut. These preference claims are not subject to pre-petition security

interests and the Court previously ordered that they were not subject to replacement liens granted as part of prior cash collateral orders. *See* Doc. No. 16, 25 and 40.

The Debtor filed this report on January 26, 2026, indicating that it had no remaining cash, and had, in fact, overdrawn its accounts. The report also notes that there is unpaid post-petition payroll of $6,200, unpaid post-petition rents of $15,500, and post-petition professional fees, including subchapter V trustee fees, exceeding $10,000.

The report further argues that the costs of pursuing preferences and the potential defenses make it unlikely that a chapter 7 trustee could produce a net recovery above post-conversion administrative expenses. The Debtor further argues that payments to creditors occurred according to contractual terms, thus, providing in its view a strong ordinary course of business defense. Notwithstanding such circumstances, the Court is aware that chapter 7 trustees have settled and recovered avoidance claims against MCAs through litigation.

The Court reconvened the hearing on February 3, 2026. The UST maintained that dismissal likely remained the best outcome for creditors, but that conversion would not overly burden a trustee, who could promptly determine whether pursuing the preferences would benefit the estate.

Based on the record, the Court finds that conversion to chapter 7 will best serve the interests of the creditors and the estate. Given that the Debtor appears to lack any remaining assets, the Court does not believe that any creditors, including those that asserted security interests in the Debtor's prepetition property, would now recover anything from the Debtor outside of bankruptcy.

In addition, the 90-day preference claims are not recoverable outside of bankruptcy. It is at least conceivable that a chapter 7 trustee could successfully pursue these claims for a net recovery. The trustee can further review the Debtor's financial activity, which is a concern the Court raises since the Debtor has not filed any monthly reports and transaction histories since November, 2025.

The Court believes that the trustees in this district have the necessary experience and skill to quickly decide whether to pursue claims or to promptly seek closure of the case if the burdens of administering the case would exceed any likely recovery.

Thus, in weighing the benefit to creditors, conversion is more likely to provide recovery to creditors, and the Court finds conversion is in the best interests of the creditors.

IT IS ORDERED

1.  This case shall be converted to chapter 7.

Dated:   *February 5, 2026*

s/ Mychal A. Bruggeman

Mychal A. Bruggeman
United States Bankruptcy Judge

3